UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ADAMS OUTDOOR ADVERTISING, LP,

   Plaintiff,

v.

CHARTER TOWNSHIP OF PITTSFIELD, MICHIGAN,

ASHLEY ANN ARBOR, LLC,

   Defendants.

Case No.
Hon.

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Adams Outdoor Advertising, LP ("Adams"), through its attorneys, Honigman LLP, states as follows for its Complaint against the Charter Township of Pittsfield, Michigan ("Pittsfield"), and Ashley Ann Arbor, LLC ("Ashley").

### THE PARTIES

1. Adams is a Minnesota limited partnership, which has its corporate headquarters in Lansing, Michigan.

2. Pittsfield is a political subdivision of the State of Michigan, and the local governing authority in Pittsfield Township.

3. Ashley is a limited liability company incorporated under the laws of the State of Michigan and has its principal place of business in Ann Arbor, Michigan.

42306177.2

## JURISDICTION AND VENUE

4. This action arises under the Constitution and laws of the United States, particularly under the provisions of the Fifth Amendment to the United States Constitution and under the laws of the United States, particularly the Civil Rights Act, Title 42 of the United States Code, and Section 1983.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1343, and 42 U.S.C. § 1983.

6. Federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332. Adams is a Minnesota limited partnership whose general and limited partners are domiciled in California, New York, Illinois, Minnesota, Connecticut, Delaware, Canada and the United Kingdom.

7. Ashley is a Michigan limited liability company, whose sole member is Ashley Capital, LLC, which is also a Michigan limited liability company, and its sole members are domiciled in Florida. Therefore, complete diversity exists. The amount in controversy, exclusive of interests and costs, exceeds $75,000.

8. This action also arises under the common law of Michigan.

9. This Court has supplemental jurisdiction over Michigan state law claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Pittsfield resides in this District and because a substantial part of the events or omissions giving rise to Adams' claims occurred in this District.

## FACTS

11. Adams is a nationwide leader in outdoor advertising.

12. As part of its business, Adams owns billboards throughout the United States, including in Pittsfield Township, Michigan.

13. In some cases, Adams' billboards are erected on property which Adams leases from property owners.

14. In this case, Adams, as lessee, and Ashley, as lessor, are parties to four Lease Agreements dated January 29, 2007 (together the "Leases") for the lease of certain real property to Adams for placement of four billboard structures (twelve billboard faces total) located on vacant real property located adjacent to US-23 in Pittsfield Township (the "Property").

15. By virtue of the Leases, Adams has an interest in the Property.

16. On around January 1, 2016, Adams and Ashley executed Addendums extending the term of the Leases until December 31, 2025.

17. The Addendums provide that the Leases will remain in full force and effect until December 31, 2025, subject only to a "Development Provision" in the Addendums.

18. The Development Provision provides that in the event the Property is to be improved, Ashley must allow Adams ninety days to seek approval from Pittsfield to move and reconstruct its billboards at an alternative location on the Property.

19. The Development Provision further provides that if Adams is not able to obtain approval to move its billboards, only then may Ashley terminate the Lease and request that Adams remove its billboards from the Property.

20. Unbeknownst to Adams, in around mid-2021, if not before, Ashley began exploring a development project for the Property (the "Development").

21. The Development could not happen without approval for the Development from Pittsfield's Planning Commission (the "Planning Commission"), which oversees the development and zoning of the Township.

22. On September 3, 2021, the Planning Commission approved the proposed Development on the condition that Adams' billboards be removed from the Property.

23. Ashely made no effort to contest this condition or to request that Adams' billboards be allowed to be relocated to an alternative suitable location on the Property. Even worse, upon information and belief, Ashley had already contracted to sell the Property and committed to sell it sans Adams' billboards.

4

24. On December 7, 2021, without forewarning, Ashley sent correspondence to Adams in which it purported to provide Adams "notice of its plan to develop the subject property," and claimed, "that the subject billboards will conflict with the planned development."

25. Ashley claimed that Pittsfield "is requiring removal of the billboards and is therefore not in support of their relocation on the [P]roperty."

26. Ashley further claimed that the Development Provision is a "moot point."

27. Therefore, according to Ashley, Adams must remove its billboards from the Property.

28. The time for Adams to seek approval from Pittsfield to move and reconstruct its billboards on an alternative location on the Property has not begun to run because Ashley has yet to provide the requisite notice pursuant to the Lease Addendums.

## COUNT I: DECLARATORY RELIEF AGAINST PITTSFIELD TOWNSHIP

29. Under the Fifth Amendment to the United States Constitution, Adams has a federal right to be free from a taking of its private property rights, including a right to be free from laws that take its property rights for a public purpose, without just compensation, and a right not to be subject to unconstitutional conditions on its ability to use and exercise its property rights.

5

30. Pittsfield has conditioned its approval of the proposed Development upon the removal of Adams' billboards for a private purpose without a rational or reasonable basis. To the extent that Pittsfield's condition serves a public purpose, it takes Adams' private property interest without compensation and imposes an unconstitutional condition and exaction on the lawful use of Adams' property rights.

31. There is a justiciable controversy as to whether Pittsfield's condition requiring removal of Adams' billboards violates the Fifth Amendment of the United State Constitution.

32. A declaratory judgment as to whether Pittsfield's condition unconstitutionally takes property, deprives Adams of its property, or creates an illegal seizure will clarify the legal relationship between Adams and Pittsfield with respect to the enforcement of Pittsfield's condition.

33. A declaratory judgment as to the constitutionality of the condition will give the parties relief from the uncertainty and insecurity giving rise to this controversy.

**COUNT II:**
**UNCONSTITUTIONAL EXACTION OF PRIVATE**
**PROPERTY – FEDERAL TAKINGS CLAUSE AGAINST**
**PITTSFIELD TOWNSHIP**
**(FIFTH AMENDMENT, UNITED STATES CONSTITUTION;**
**42 U.S.C. § 1983)**

34. Adams hereby re-alleges each and every allegation contained in Paragraphs 1 through 33 as though fully set forth herein.

6

42306177.2

35. It is well established that, under the Public Use Clause of the Fifth Amendment to the Constitution, local governments may not take private property for a private purpose.

36. Pittsfield conditioned the development of the Property on removal of Adams' billboards.

37. Pittsfield's decision benefits private persons, not the general public. The private benefit accruing to Ashley far outweighs any conceivable incidental public benefit.

38. Pittsfield's decision was intended to benefit private parties.

39. Pittsfield's decision serves a private purpose and use. Therefore, it violates the Public Use Clause of the Takings Clause of the Fifth Amendment.

40. The Public Use Clause violation arises from the Planning Commission's condition and occurs under the color of state law in violation of 42 U.S.C. § 1983.

## COUNT III:
## VIOLATION OF THE MICHIGAN HIGHWAY ADVERTISING ACT AGAINST PITTSFIELD TOWNSHIP (MCL 252.301, *ET SEQ*)

41. Adams hereby re-alleges each and every allegation contained in Paragraphs 1 through 40 as though fully set forth herein.

42306177.2

42. Michigan law requires a Michigan municipal bodies to pay just compensation upon the removal of a lawfully erected sign or sign structure which is subject to Michigan's Highway Advertising Act, MCL 252.301, *et seq*.

43. Adams' billboards, located on the Property are within an "adjacent area" as that term is defined within Section 302(o) of the Highway Advertising Act. Thus, Adams' billboards are subject to and protected by the Highway Advertising Act.

44. Pittsfield's condition that Adams remove its billboards conflicts with Section 4(a) of the Highway Advertising Act and for that reason is invalid.

45. Section 4(a) of the Highway Advertising Act expressly preempts Pittsfield's condition requiring the removal of Adams' billboards because Pittsfield has not provided for just compensation upon the removal of Adams' billboards.

46. Because Pittsfield's approval of Ashley's Development is conditioned upon Adams' removal of its billboards and Pittsfield has failed to provide just compensation for the removal of Adams' lawful preexisting billboards, Pittsfield's condition is contrary to the law.

## COUNT IV:
## ANTICIPATORY REPUDIATION OF CONTRACT AGAINST ASHLEY ANN ARBOR, LLC

47. Adams hereby re-alleges each and every allegation contained in Paragraphs 1 through 46 as though fully set forth herein.

42306177.2

48. Adams and Ashley are parties to the Leases (as amended by the Addendums) which are valid and binding contracts between them.

49. Adams has performed all of its obligations under the Leases, including by paying rent to Ashley.

50. Ashley breached and anticipatorily repudiated the Leases by purporting to terminate the Leases without complying with the Development Provision, which unambiguously specifies that Adams has 90 days from the time that Ashley provides adequate notice in accordance with that provision to seek approval from Pittsfield for relocation of the billboards.

51. Ashley's breach and anticipatory repudiation of the Leases leaves Adams without an adequate remedy at law. Therefore, Adams is entitled to specific performance of the Leases.

## RELIEF SOUGHT

WHEREFORE, Adams respectfully requests that this Honorable Court:

1. Issue an injunction preventing Defendants from removing Adams' billboards or otherwise interfering with Adams' rights under the United States Constitution, and under the laws of the United States and State of Michigan;

2. Enter a declaratory judgment that Pittsfield's condition requiring the removal of Adams' billboards constitutes a regulatory taking that violates Adams' Fifth Amendment right;

3. Enter a declaratory judgment that Pittsfield's condition requiring the removal of Adams' billboards without just compensation violates the Michigan Highway Advertising Act;

4. Award specific performance of the Leases to prevent Ashley from taking any action inconsistent with its obligations under the Leases;

5. Award Adams its reasonable attorneys' fees and expert fees for bringing and maintaining this action, including under 42 U.S.C. § 1988;

6. Award to Adams all its costs of suit pursuant to Federal Rule of Civil Procedure 54(d); and

7. Award to Adams any other and further relief that the Court deems just and proper under the circumstances of this case.

## JURY TRIAL DEMAND

Adams hereby demands a trial by jury on all issues so triable in the above-captioned matter.

Respectfully submitted,

Honigman LLP
*Attorneys for Plaintiff, Adams Outdoor Advertising, LP*


By: /s/ Kevin M. Blair
Kevin M. Blair (P76927)
Essence C. Patterson (P84888)
2290 First National Building
660 Woodward Avenue
Detroit, MI 48226
313.465.7626

Brandon J. Wilson (P73042)
Honigman LLP
39400 Woodward Avenue
Bloomfield Hills, MI 48304
248.566.8300

Dated: February 28, 2022

42306177.2